IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINDMILL HEALTH PRODUCTS, LLC,, <br><br> Plaintiff, <br><br> v. <br><br> SENSA PRODUCTS (ASSIGNMENT FOR THE BENEFIT OF CREDITORS), LLC <br><br> Defendant. | No. C-15-0574 MMC <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND MOTION FOR MORE DEFINITE STATEMENT; VACATING HEARING** |

Before the Court is defendant Sensa Products (Assignment for the Benefit of Creditors), LLC's ("the Assignee") "Motion to Strike and Motion for a More Definite Statement," filed March 18, 2015. Plaintiff Windmill Health Products, LLC ("Windmill"), has filed opposition, to which the Assignee has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for June 12, 2015, and rules as follows.

//

---

[1] The chambers copy of the Assignee's reply was submitted in double-sided format. For future reference, the Assignee is directed to submit in single-sided format all chambers copies of documents filed in the future. See Civil L.R. 3-4 (setting forth requirements for "papers presented for filing"); Civil L.R. 3-4(c)(2) (providing "text must appear on one side only").

**A. Motion to Strike**

Windmill alleges that, under the terms of a settlement agreement between Windmill and Sensa Products, LLC ("Sensa"), Sensa made the first and second, but not the third, of twelve required installment payments. (See Compl. ¶¶ 8-11). Windmill also alleges that, after Sensa failed to make the third payment, it "made a general assignment for the benefit of creditors under California state law . . . to the Assignee" (see Compl. ¶ 12), and that the Assignee subsequently demanded that Windmill return the first two payments ("the Payments") under the theory that said payments "were a preference pursuant to Section 1800(b) of the California Code of Civil Procedure" (see Compl. ¶ 13). Windmill further alleges it disputes that § 1800(b) applies to the Payments (see Compl. ¶ 14), and seeks a declaration that it is "not obligated to return the Payments to Sensa" (see Compl. ¶ 16).

By the instant motion, the Assignee seeks an order striking from the complaint the allegation that Sensa did not make the third payment owed under the terms of the settlement agreement (see Compl. ¶ 14), on the asserted ground that said allegation is "impertinent," i.e., an allegation that "[does] not pertain, and [is] not necessary, to the issues in question." See Fantasy, Inc. v Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

"[A]llegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992). Here, although Windmill does not seek relief based on the alleged non-payment of the third installment payment, the challenged allegation, as Windmill correctly observes, constitutes background material. Further, the Assignee fails to show, let alone argue, the Assignee would be prejudiced by the inclusion of such statement in the complaint. Rather, it argues the challenged statement "is prejudicial because it paints Sensa . . . as a defaulting creditor [sic]." (See Def.'s Reply at 11-12.) Assuming, arguendo, prejudice to Sensa rather than the Assignee constitutes cognizable support for a motion to strike, the Assignee's argument here is unpersuasive, as the Assignee's demand for a return of the Payments necessarily

2

acknowledges Sensa's inability to pay its debts.  See Cal. Code Civ. Proc. § 1800(b) (providing assignee "may recover any transfer of property of the assignor . . . [m]ade while the assignor was insolvent"); Cal. Code Civ. Proc. § 1800(a)(1) (defining "insolvent" as "financial condition such that the sum of the person's debts is greater than all of the person's property, at a fair valuation").

According, the motion to strike will be denied.

**B.  Motion for a More Definite Statement**

A party is entitled to a "more definite statement of a pleading" where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  See Fed. R. Civ. P. 12(e).

Here, the prayer for relief seeks judgment in the form of a "declaration that Windmill is not obligated to return the Payments to Sensa." (See Compl., Prayer for Relief, at 2:27-3:2.)  The Assignee argues it is entitled to a more definite statement, for the asserted reason that "Windmill's claim does not tailor the scope of relief to any particular legal theories, or statutes, or agreement." (See Def.'s Mot. at 2:13-14.)  The Court disagrees.

The text of the complaint sets forth the nature of the instant controversy, specifically, a "dispute[ ]" as to whether "Section 1800(b) of the California Code of Civil Procedure applies to the Payments." (See Compl. ¶ 14.)  Reading the prayer in context, the Court construes the complaint as seeking judgment in the form of a declaration that Windmill is not obligated to return the Payments to the Assignee under § 1800(b).

Accordingly, the motion for a more definite statement will be denied.

**CONCLUSION**

For the reasons stated above, the Assignee's "Motion to Strike and Motion for a More Definite Statement" is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  June 5, 2015

_____
MAXINE M. CHESNEY
United States District Judge

3